UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL BODNER, suing individually and on behalf of others similarly situated

    Plaintiff,

v.

ORECK DIRECT, LLC, a Delaware limited liability company; and defendant Does 1 through 100, inclusive,

    Respondents.

No. C 06-04756

**MEMORANDUM & ORDER**
**Motion to Remand**

INTRODUCTION

    Defendant Oreck Direct LLC ("defendant") has filed a notice of removal from San Francisco Superior Court with this court, contending that the qualifications for diversity under 28 U.S.C. sections 1332(a) and 1332(d) have been met. Plaintiff Paul Bodner and a putative class of plaintiffs ("plaintiffs") subsequently filed a motion to remand pursuant to 28 U.S.C. section 1447(c). Plaintiffs argue that diversity jurisdiction does not exist because defendant has not demonstrated facts which support the minimum jurisdictional amount. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

    On July 12, 2006, plaintiffs filed a class action complaint in San Francisco Superior Court against defendant Oreck Direct LLC. Plaintiff alleged claims for breach of warranty, deceit,

concealment, false advertising and unfair business practice. Not. of Removal, Exh. A 9:18–19:2. Plaintiffs claim to have purchased air purifiers produced by defendant, and claim that defendant's air purifiers do not perform as advertised. Id. at 7:10–12.

On August 4, 2006, defendant filed a notice of removal with this court. In its removal notice, defendant that this court has subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. sections 1332(a) and 1332(d). On August 31, 2006, plaintiffs filed a motion to remand this action to state court. Plaintiffs do not contest diversity of citizenship, but claim that the amount in controversy requirement has not been met.[2] Plaintiffs seek various damages in their complaint, but the amount sought is not clearly stated. Not. of Removal, Exh. A 9:3–24.

LEGAL STANDARD

I.  Removal

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendants bear the burden of proving the propriety of removal. Id. If at any time before final judgment the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

II. Diversity Jurisdiction

A district court has diversity jurisdiction over any civil action where all of the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Alternatively, a district court has diversity jurisdiction over any class action in which there is minimal diversity—that is, any one plaintiff is a citizen of a different state than any one defendant—and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The burden of establishing that diversity jurisdiction exists, and that an action is removable, rests at all times with the proponent of removal, whether diversity is alleged under section 1332(a) or section 1332(d). Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

If the amount of damages sought in a plaintiff's complaint is unclear, the defendant must prove that the jurisdictional amount exists by a preponderance of the evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996). "Mere averment" of the jurisdictional amount is insufficient. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). Rather, the court must consider the facts in the removal notice, and may require the parties to submit summary-judgment-type evidence in determining the amount in controversy. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

DISCUSSION

I.   Sufficiency of Defendant's Notice of Removal

Defendant states in its notice of removal that the amount in controversy is met by way of conclusion.[3] Plaintiff correctly argues that these conclusory assertions that the amount in controversy has been met are insufficient to carry defendant's burden of establishing diversity jurisdiction. Gaus, 980 F.2d at 567. However, such conclusory allegations may be subject to amendment. Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir. 1969). An amendment of the removal notice to state a separate basis for removal jurisdiction must be filed within thirty days of receipt of the complaint. O'Halloran v. University of Wash., 856 F.2d 1375, 1381 (9th Cir. 1988); 28 U.S.C. § 1446(b). Amendments to explain the basis for the asserted amount in controversy are allowable more than thirty days after receipt of the complaint, and any such explanation contained in the opposition to a motion to remand may be construed as an amendment to the notice of removal. Cohn v. PetSmart, 281 F.3d 837, 840 n.1 (9th Cir. 2002); Alexander v. Fedex Ground Package Sys., No. C 05-0038 MHP, 2005 U.S. Dist. LEXIS 5129 at *7–9 (N.D. Cal. Mar. 25, 2005) (Patel, J.).

With its opposition, defendant concurrently filed a declaration of Stanley W. Eilers, Chief Financial Officer of Oreck Corporation. In his declaration, Eilers stated that he is personally familiar with the financial affairs of Oreck Direct LLC and that he is personally familiar with the methods Oreck (presumably meaning Oreck Direct LLC) uses to track the sales of air purifiers across the nation. Eilers stated that, for the period of time for which recovery is sought in plaintiffs'

3

complaint, Oreck (again presumably meaning Oreck Direct LLC) has sold over $23,000,000 worth of air purifiers in California. This declaration, as part of defendant's opposition to plaintiffs' motion to remand, explains the factual basis for defendant's assertion that the amount in controversy is over $5,000,000,[4] and is not a substantive amendment to defendant's notice of removal. Defendant is not attempting to add any separate basis for removal jurisdiction. Accordingly, this declaration, as part of defendant's opposition, is treated as an explanatory, not substantive, amendment. As a result, sufficient facts have been submitted for this court to sustain a removal motion and to analyze whether subject matter jurisdiction exists in this action.

II.     Amount in Controversy

      A.  Jurisdiction Under 28 U.S.C. § 1332(a)

When viewed through the lens of traditional jurisdictional analysis under section 1332(a), a class action, when filed, includes only the claims of the named plaintiff. Gibson v. Chrysler Corp., 261 F.3d 927, 940 (9th Cir. 2001). The claims of all plaintiffs, or the theoretical class-wide damages of all defendants, cannot be aggregated in determining the amount in controversy under section 1332(a). Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). The costs of a potential injunction to a defendant likewise cannot be aggregated. Id. at 790; Kanter v. Warner-Lambert Co., 265 F.3d 853, 858–61 (9th Cir. 2001).

As the basis for traditional diversity jurisdiction, defendant asserts in its notice of removal that enjoining the advertising or sale of defendant's air purifiers in California would result in a loss in excess of $75,000. Defendant does not support this conclusory assertion with any sort of factual basis, either in its notice of removal or its opposition to plaintiffs' motion to remand. Further, defendant attempts no explanation why, on an individual basis, a ban on advertising of air purifiers that apparently cost less than $400 would exceed $75,000 in damages. As in Snow, "[t]he right asserted by plaintiffs is the right of individual future consumers to be protected from [defendant's] allegedly deceptive advertising . . . ." Snow, 561 F.2d at 790–91. The focus remains the value of the individual right asserted, not the potential impact of the relief requested. Id. Defendant has made no showing why, on an individual basis, the amount in controversy exceeds $75,000. Defendant has

not carried its burden of demonstrating that grounds for diversity jurisdiction exist under section 1332(a).[5]

B. Jurisdiction Under 28 U.S.C. § 1332(d)

As an alternative to traditional diversity jurisdiction, defendant has alleged that diversity jurisdiction exists under 28 U.S.C. section 1332(d), which applies to class actions. A class action for purposes of diversity jurisdiction is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . ." 28 U.S.C. § 1332(d)(1)(B). If an action meets the definition of a class action, it may be removed to a district court if the district court has subject matter jurisdiction and the removal motion complies with the standard removal provisions of 28 U.S.C. section 1446. 28 U.S.C. §§ 1453(b), 1441(a). Where subject matter jurisdiction over class actions is premised on diversity, 28 U.S.C. section 1332(d)(2) sets forth the requirements for diversity. Where the amount in controversy exceeds $5,000,000 and minimal diversity exists, the requirements of section 1332(d)(2) have been met, and diversity jurisdiction is vested in the district court.

Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under both California Code of Civil Procedure Section 382 and Federal Rule of Civil Procedure 23. Defendant has timely removed this action, and has alleged sufficient facts for the court to make a determination of whether jurisdiction lies under section 1332(d)(2). Defendant alleges that it is a Delaware limited liability company with its principle place of business in Louisiana; plaintiff alleges that he is a citizen of California. The court finds, and plaintiffs do not contest, that the minimal diversity required under section 1332(d)(2) exists. When considering all of the facts submitted by defendant, the court finds that the minimum jurisdictional amount required under section 1332(d)(2) has been met.

The court concludes that defendant has met its burden of demonstrating that grounds for diversity jurisdiction exist under section 1332(d)(2), and that this court has subject matter jurisdiction.

5

CONCLUSION

Based on the above findings, the court hereby DENIES plaintiffs' motion to remand the pending action to San Francisco Superior Court.

IT IS SO ORDERED.

Date:   October 10, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

# **ENDNOTES**

1. All facts are taken from plaintiffs' complaint, unless otherwise noted.

2. Defendant Oreck Direct LLC is a Delaware limited liability company and has its principal place of business in Louisiana. Plaintiff Paul Bodner is a citizen of California. Plaintiffs' putative class is composed of consumers who purchased defendant's air purifiers in California during the four years prior to the filing of plaintiffs' complaint.

3. Defendant has alleged as follows: "The proceeds of sales in California over this period of time amount to more than the [sic] $5,000,000.00. Thus, the amount-in-controversy requirement [of 28 U.S.C. section 1332(d)] is satisfied." Not. of Removal 3:12–13. Alternatively, the equitable relief sought "under California law, might be found to include injunctive relief and such an injunction, enjoining advertising of or sale of the product, would result in a loss by Defendant in excess of $75,000.00. Thus, the amount in controversy requirement [of 28 U.S.C. section 1332(a)] is satisfied." Not. of Removal 3:18–23.

4. Among the damages sought by plaintiffs is the restoration of all funds paid by the plaintiff class as a result of the alleged wrongful acts of defendant—in theory, the purchase price of all of defendant's air purifiers over the last four years. Not. of Removal, Exh. A 19:10–14.

5. Additionally, defendant—which claims to be a limited liability company—has made no showing of the citizenship of each of its members, as required in a determination of diversity jurisdiction under section 1332(a). Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).