UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BODNER, suing individually and on behalf of others similarly situated,<br><br>              Plaintiff,<br>   v.<br><br>ORECK DIRECT, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive<br><br>              Defendants.<br>_____/ | No. C 06-4756 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion for Class Certification** |

      Paul Bodner ("plaintiff") has brought a putative class action alleging breach of express warranty, unlawful deceit, unlawful concealment, false advertising, and unfair business practice by defendant Oreck Direct, LLC ("defendant") in its marketing and sales of allegedly dysfunctional "air purifiers." Plaintiff seeks certification of a statewide class consisting of over 77,000 Californians who have purchased such products since July 12, 2002. Now before the court is plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23, which defendants oppose. Plaintiff also moves for appointment of lead plaintiff and lead counsel. After considering the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND

      Plaintiff claims to suffer from annual allergies during February and March. In or around the spring of 2005, plaintiff saw one of defendant's infomercials advertising an air purifier. The infomercial allegedly indicated that the product would remove allergens, bacteria, dirt and dust from the air. Purportedly relying on these representations, and the advertisement of the product as an "air

purifier," plaintiff purchased such a product soon thereafter.

During plaintiff's ensuing allergy season, he claims that the air purifier had no positive impact on his allergies. However, plaintiff admits that the window to his apartment is frequently open. Bradley Dep. Exh. A, Bodner Dep. at 36–37. Plaintiff also acknowledges that he is exposed to allergens in other locations throughout the day. Id. at 53. Plaintiff does not know what he is allergic to and has never been diagnosed or treated for his allergies. Id. at 90–91. Plaintiff's unit has never been tested to determine whether it works as it is supposed to. Id. at 108.

Regarding plaintiff's role in this litigation, plaintiff acknowledges that he became a plaintiff in this action by responding to an advertisement by plaintiff's counsel, Westrup Klick, LLP, in the San Francisco Bay Guardian. Id. at 60. Plaintiff testified that plaintiff's counsel told him "they were going to have a lawsuit," and that they were looking for a representative for a class action suit. Id. at 63–64. Plaintiff met his attorney in person for the first time the day before his deposition in this action. Id. at 60. Plaintiff did not read the complaint before it was filed. Id. at 99. By all appearances, virtually all of plaintiff's knowledge regarding this matter has come from his attorneys.

Additionally, this is not the first instance in which plaintiff's counsel has attempted to bring a class action against this defendant. Plaintiff's counsel brought a similar suit in the Southern District of California which was later dismissed when the plaintiff in that action failed to timely move for class certification. The judge in the Southern District action questioned plaintiff's counsel extensively about his relationship with the plaintiff, stating that "there has been some controversy in the past about the firm and its relationship to named plaintiffs." Bradley Dec., Exh. B at 14:2–18:22.

LEGAL STANDARD

A party seeking to certify a class must satisfy the four prerequisites enumerated in Rule 23(a), as well as at least one of the requirements of Rule 23(b). Under Rule 23(a), the party seeking class certification must establish that: (1) the class is so large that joinder of all members is impracticable (i.e., numerosity); (2) there are one or more questions of law or fact common to the class (i.e., commonality); (3) the named parties' claims are typical of the class (i.e., typicality); and

(4) the class representatives will fairly and adequately protect the interests of other members of the class (i.e., adequacy of representation). Fed. R. Civ. P. 23(a). In addition to satisfying these prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2) or (3). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); see also Fed. R. Civ. P. 23(b). Class actions for monetary damages are permissible where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Satisfaction of Rule 23(b)(3) also requires that litigation of a class action be more efficient and fairer than alternative methods of adjudication. Id. The party seeking class certification bears the burden of establishing that the requirements of Rule 23 have been met. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1188 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001); Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

DISCUSSION

In light of plaintiff's undeniable and overwhelming ignorance regarding the nature of this action, the facts alleged, and the theories of relief against defendant, the court cannot conclude that he has met the threshold typicality or adequacy requirements of Rule 23(a). It is clear from the record that plaintiff's counsel, and not plaintiff, is the driving force behind this action. Such a "cart before the horse" approach to litigation is not the proper mechanism for the vindication of legal rights. See Meachum v. Outdoor World Corp., 654 N.Y.S.2d 240, 369 (1996) ("Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class action certification."). Furthermore, the Westrup Klick firm has had trouble regarding its choice of plaintiffs in the past. See Apple Computer, Inc. v. Superior Court, 126 Cal. App. 4th 1253 (2005) (disqualifying the Westrup Klick firm from a class action case where it was established that, "from 2003 to 2005, Westrup Klick and [another firm] had jointly filed 10 class actions under [California's Unfair Competition Law] in which an attorney from Westrup Klick or a relative of one of the attorneys was the named plaintiff"). The latest filing is just one more example of plaintiff's counsel's improper approach to consumer litigation.

That plaintiff's counsel constructed this lawsuit before it had a plaintiff cannot be denied. This fact is borne out not only by plaintiff's own admissions, but by plaintiff's counsel's previous abortive attempt to bring a seemingly identical lawsuit in another district. Indeed, counsel himself admitted at the hearing that he or his firm had the research performed on the product at issue and had a theory about the product's deficiencies. *Then*, armed with that information they went in search of a plaintiff, never mind the lack of a fitting plaintiff or the lack of ethical scruples. The instant action is nothing more than Westrup, Klick bringing its show to the Northern District and continuing its practice of selecting stand-in plaintiffs, even ones who are inappropriate.. To grant class certification in such circumstances would be to place this court's imprimatur on litigation practices which it finds abhorrent and inconsistent with the standards of federal class action suits.

In short, the conduct in this action does not look good, does not sound good, and does not smell good. In fact, it reeks. The court will not participate in this scheme by certifying a class.

CONCLUSION

For the foregoing reasons, the court hereby DENIES plaintiff's motion for class certification.

IT IS SO ORDERED.

Dated: April 25, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4